IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

CYNTHIA TAYLOR,

    Plaintiff,

v.                                                    No. 1:26-cv-01117-JDB-atc

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

---

AMENDED ORDER DIRECTING DEFENDANT TO FILE ANSWER TO COMPLAINT

---

On July 1, 2026, Defendant, Commissioner of Social Security Administration, moved to reverse the decision of the Administrative Law Judge ("ALJ") and remand this action to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g).  (Docket Entry ("D.E.") 11.) Defendant requests remand "for further administrative proceedings because there were deficits in the ALJ's evaluation of Plaintiff's residual functional capacity." (*Id.* at PageID 24.)  Plaintiff did not object to this motion.  (*Id.* at PageID 23.)

42 U.S.C. § 405(g) permits district courts to enter only two types of remands: those under Sentence Four and those under Sentence Six.  *See Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).  Sentence Four states:

> The court shall have power to enter, *upon the pleadings and transcript of the record*, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g) (emphasis added).  Sentence Six provides, in pertinent part:

> The court may, on motion of the Commissioner of Social Security made for good

cause shown *before the Commissioner files the Commissioner's answer*, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . .

*Id.* (emphasis added).  Thus, under the language of the statute, a Sentence Four remand is not appropriate until "the pleadings and transcript of the record" are before the Court, and a Sentence Six remand is proper when the Commissioner moves for a remand before it files an answer.  *See Follen v. Comm'r of Soc. Sec.*, 167 F.4th 352, 356 (6th Cir. 2026) (explaining that "a pre-answer motion to remand to the ALJ for further agency action" is properly categorized as a Sentence Six remand and further delineating the differences between the two types of remands under 42 U.S.C. § 405(g)).

Here, Defendant moved for a Sentence Four remand before it had filed its answer. However, at this time, only a Sentence Six remand is appropriate.  In order to properly consider its request under Sentence Four, the Court DIRECTS the Commissioner to file its answer to the complaint.[1]  The answer shall contain "a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based."  42 U.S.C. § 405(g). The Court reserves ruling on Defendant's motion to remand until the answer is filed.

IT IS SO ORDERED this 9th day of July 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to the Social Security scheduling order, the Commissioner must file its answer on or before July 28, 2026.  (*See* D.E. 7 (requiring Defendant to file answer within sixty days of the scheduling order entered on May 29, 2026).)